IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRUNO BOBBIE ERNST, # N08113,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-051-SMY |
| | ) | |
| **BRADFORD,** | ) | |
| **STELION,** | ) | |
| **SIMMONS,** | ) | |
| **WHITEHEAD,** | ) | |
| **WATER,** | ) | |
| **BURTON, and** | ) | |
| **CLARK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This action is before the Court on a document filed by Plaintiff (Doc. 1) on January 9, 2017 in the United States District Court for the Central District of Illinois. This document was construed as a Complaint and transferred to the Southern District of Illinois on January 18, 2017. (Doc. 2). The document is in the form of a letter in which Plaintiff narrates instances that may give rise to § 1983 claims. It does not include a case caption or list of defendants,[1] nor does it provide clear answers to any of the questions that can be found on this Court's standard § 1983 complaint form, including whether Plaintiff exhausted administrative remedies, whether defendants are employed by the state, and whether Plaintiff has brought any other lawsuits

---

[1] Though certain individuals are listed as defendants on the case caption in CM-ECF, this was in error. When parties are not listed in the caption of a plaintiff's complaint, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). There are no properly named defendants at this time in the case.

related to his imprisonment. Further, the only relief Plaintiff appears to be requesting in the narrative of his letter is a transfer to Pontiac Correctional Center, and none of the individuals mentioned in the letter are capable of providing this relief.[2]

As it is written, this document does not satisfy the applicable pleading standard under Rule 8 of the Federal Rules of Civil Procedure of providing a "short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the allegations are insufficient to provide whoever Plaintiff intends to name as a defendant with "fair notice of the claim and its basis," particularly because Plaintiff has failed to properly name any defendants to receive such notice. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

## Disposition

Plaintiff is **ORDERED** to file a complete § 1983 complaint on or before **February 16, 2017**. **Failure to comply with this Order shall result in dismissal of this action for failure to comply with an order of this Court**. *See* FED. R. CIV. P. 41(b).

It is strongly recommended that Plaintiff use the forms designed for use in this District for § 1983 actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-051-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated

---

[2] *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is the proper defendant in deliberate indifference case requesting injunctive relief as person "responsible for ensuring that any injunctive relief is carried out.").

to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, along with a copy of the original Complaint and this Order. The Clerk of Court is also **DIRECTED** to remove all parties mistakenly listed as defendants on CM-ECF and include **UNKNOWN PARTY** as the defendant.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[3] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

---

[3] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

**IT IS SO ORDERED.**

**DATED:  January 19, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**
